UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSS DOZIER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:17-cv-02889-JAR |
| USAA CASUALTY INSURANCE, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant USAA Casualty Insurance's ("USAA") Motion for Partial Summary Judgment. (Doc. 16.) The motion is fully briefed and ready for disposition.[1] (Docs. 17, 18, 23, 25.)

### Background[2]

Plaintiff Ross Dozier was injured in a car accident with Julia Dolan. At the time, Plaintiff was covered by a USAA insurance policy that included underinsured motorist coverage. Plaintiff settled his claim with Dolan's insurer for her policy limit of $25,000. Thereafter, he made a claim for underinsured motorist benefits under his USAA policy. Plaintiff had incurred approximately $12,000 in medical bills and $4,000 in lost wages to that point. USAA offered to

---

[1] The Court previously granted Plaintiff leave to file an additional response after deposing USAA's corporate representative. (Doc. 26.) However, after a status conference with counsel, Plaintiff agreed to the entry of an order without further briefing.

[2] The facts are taken from USAA's Statement of Uncontroverted Material Fact. (Doc. 18.) USAA argues in its Reply that Plaintiff's failure to specifically and directly controvert its statement of fact amounts to an admission supporting summary judgment. (Doc. 25 at 1-3.) The Court finds that there are sufficient facts in the record to allow it to rule on the substance of USAA's motion, and it reaches the same conclusion even adopting USAA's uncontroverted facts.

settle Plaintiff's underinsured motorist claim for $6,000, which, when combined with the payment from Dolan's insurer, totaled $31,000 in benefits.

Plaintiff rejected the offer and filed suit on December 15, 2017. (Doc. 1.) He alleged that USAA breached its contract and vexatiously refused to pay. (*Id.*) Thereafter, USAA filed this motion, seeking summary judgment on Plaintiff's vexatious-refusal claim, arguing that it did not refuse to pay. (Doc. 17.)

## Legal Standards

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment only if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). In ruling on a motion for summary judgment, all reasonable inferences must be drawn in a light most favorable to the non-moving party. *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). The evidence is not weighed and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

Once the moving party demonstrates that there is no genuine issue of material fact, the nonmovant must do more than show there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing a genuine factual dispute that must be resolved at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324. "A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Herring v. Canada Life Assur. Co.*, 207 F.3d 1026, 1030 (8th Cir. 2000) (quoting *Anderson*, 477 U.S. at 248). Judgment as a matter of law is appropriate only when "the

court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party." Fed. R. Civ. P. 50(a).

Under Missouri law, an insured who sues "to recover the amount of any loss under a policy of automobile [insurance]" may be awarded additional damages "if it appears from the evidence that [his insurance company] has refused to pay such loss without reasonable cause or excuse." Mo. Rev. Stat. § 375.420. The insured must prove that "(1) it had an insurance policy with the insurer; (2) the insurer refused to pay; and (3) the insurer's refusal to pay was without reasonable cause or excuse." *Macheca Transp. v. Philadelphia Indem. Ins. Co.*, 649 F.3d 661, 674 (8th Cir. 2011) (citing *Dhyne v. State Farm Fire & Cas. Co.*, 188 S.W.3d 454, 457 (Mo. 2006)).

## Analysis

USAA argues that Plaintiff cannot show that it "refused to pay" given the uncontroverted fact that it offered him $6,000. (Doc. 17 at 5.) It argues that §375.420 is a penal statute that must be construed strictly and that therefore any offer to pay precludes a finding of vexatious refusal. (*Id.* (citing *Smith ex rel. Stephan v. AF & L Ins. Co.*, 147 S.W.3d 767, 778 (Mo. Ct. App. 2004).) In other words, USAA asserts that a fact-finder could not conclude that USAA "refused to pay."

Plaintiff responds that so strict a construction would render § 375.420 meaningless because an insurer could offer a token amount and avoid any penalty based on the functional equivalent of refusal to pay. (Doc. 23 at 4-5.) Ultimately, Plaintiff argues, whether USAA's offer meets the standard for a vexatious refusal is a fact question for the jury.

The Court agrees with Plaintiff. The text of § 375.420 authorizes additional damages in suits to recover "any loss under a policy" and penalizes insurers who unreasonably refuse to pay "such loss." Mo. Rev. State. § 375.420. Under the plain text of the statute, the penalty is not

limited to cases in which an insurer refuses to pay at all—it applies when the insurer unreasonably refuses to pay the loss that the insured seeks to recover. As USAA itself notes, a primary purpose of section 375.420 is "to provide an incentive for insurance companies to pay legitimate claims without litigation." *Dhyne*, 188 S.W.3d at 457 (quoting *Overcast v. Billings Mutual Ins. Co.*, 11 S.W. 3d 62, 67 (Mo. banc 2000)). In that way, the additional damages compensate the insured for the expense of having to sue after the insurer unreasonably denies his claim. *See id.* (explaining that the purpose of the statute would be eliminated if an insurer could pay on the eve of trial). This purpose is not served by USAA's proposed construction.

Furthermore, because § 375.420 imposes additional damages when "the insurer's refusal to pay was without reasonable cause or excuse," *Macheca Transp.*, 649 F.3d at 674, the reasonableness of the insurer's refusal is a fact question that must be answered by the jury. This general rule is especially applicable in this case, which, as USAA puts it, "is a case in which the parties simply disagree as to the amount of underinsured motorist benefits that Plaintiff is entitled to recover." (Doc. 17 at 5.) That dispute is factual and material and cannot be resolved as a matter of law.

## Conclusion

The Court finds that a genuine dispute of material fact exists in this case and cannot say, as a matter of law, that USAA's offer precludes additional damages under § 375.420.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant USAA Casualty Insurance's ("USAA") Motion for Partial Summary Judgment (Doc. 16), is **DENIED**.

Dated this 20th day of June, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE