## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

ROSS DOZIER,                          )
                                      )
    Plaintiff,    )
                                      )
    vs.           )          Case No. 4:17-cv-02889-JAR
                                      )
USAA CASUALTY INSURANCE,              )
                                      )
    Defendant.    )
                                      )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Ross Dozier's Motion to Amend/Correct Complaint. (Doc. 39.) Defendant USAA Casualty Insurance ("USAA") opposes the motion. (Doc. 44.)

### Background

In his original complaint, Plaintiff accused USAA of breaching its contract to cover him for losses caused by an underinsured motorist and for vexatiously refusing his claim for benefits. (Doc. 1.) Plaintiff's vexatious-refusal claim is based on Missouri Revised Statute § 375.420, which provides for additional damages if an insurer is found to have denied an insured's claim "without reasonable cause or excuse." Plaintiff now seeks to add a claim under § 375.296, which provides for additional damages if an insurer is found to have "failed or refused for a period of thirty days" to pay an insured's claim without reasonable cause. (Doc. 39.) Plaintiff therefore seeks to recover for both USAA's delay and ultimate denial of his claim. Plaintiff also seeks to add a specific demand for interest to his vexatious-refusal claim. (*Id.*)

USAA responds that § 375.296 is only applicable to insurers that are not licensed to transact business in Missouri, which is not true of USAA. (Doc. 44.) USAA does not expressly oppose Plaintiff's desire to add a demand for interest. (*Id.*)

## Legal Standard

Under Rule 15(a), leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this liberal standard, denial of leave to amend pleadings is appropriate only if "there are compelling reasons such as . . . futility of the amendment." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). "The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial." *Nadist, LLC v. Doe Run Res. Corp.*, No. 4:06CV969 CDP, 2009 WL 3680533, at *1 (E.D. Mo. Oct. 30, 2009) (citing *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001)). "Whether to grant a motion for leave to amend is within the discretion of the Court." *Id.* (citing *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)).

## Analysis

The Court agrees with USAA. As this Court held in *Am. Modern Home Ins. Co. v. Thomas*, No. 4:16 CV 215 CDP, 2017 WL 2225204, at *1 (E.D. Mo. May 22, 2017), "§ 375.296 applies only to insurance companies not authorized to transact business in the State of Missouri." *See also Irish v. Allied Prop. & Cas. Ins. Co.*, No. 13–05015–CV–SW–JTM, 2013 WL 3773982, at *2 (W.D. Mo. July 18, 2013) (citing Missouri cases). Because USAA is authorized to transact business in Missouri, Plaintiff cannot recover against it under § 375.296 and it would be futile to amend the complaint to add a claim under that statute. The Court will grant Plaintiff's motion to amend his demand to add interest.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Ross Dozier's Motion to Amend/Correct Complaint (Doc. 39), is **GRANTED in part** insofar as he seeks to add a demand for interest and **DENIED in part** insofar as he seeks to add a claim under Missouri Revised Statutes § 375.296.

**IT IS FURTHER ORDERED** that Plaintiff shall file an Amended Complaint consistent with this order.

Dated this 20th day of June, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE