# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROSS DOZIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:17-CV-02889-JAR |
| ) | |
| USAA CASUALTY INSURANCE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

This matter is before the Court on Plaintiff's application for prejudgment interest. (Doc. No. 92). Defendant opposes the motion.

Generally, "[j]udgments do not bear interest either as a matter of legal right or under the common law." *A.G. Edwards & Sons, Inc., v. Drew*, 978 S.W. 2d 386, 396 (Mo. App. Ct. 1998). Prejudgment interest must be based upon either a statute or contract. *Id.* (citation omitted). Here, Plaintiff's application seeks prejudgment interest pursuant to Mo. Rev. Stat. § 408.020 or § 408.040.

Section 408.040.2 unambiguously provides that its provisions apply to tort actions, and an underinsured motorist claim is an action in contract, not tort. *McKinney v. State Farm Mut. Ins.*, 123 S. W. 3d 242 (Mo. App. Ct. 2003) (holding that an uninsured motorist claim is a separate and distinct cause of action from the tort claim asserted against the uninsured motorist). Accordingly, Section 408.040.2 does not authorize the Court to award prejudgment interest on an underinsured motorist claim. *Id.* (declining the plaintiff's invitation to expand the reach of Section 408.040.2 "beyond the unambiguous, clear, and plain language of the statute").

Whether a party is entitled to prejudgment interest is governed by section 408.020 (*Travelers Commercial Cas. Co. v. Vac-It-All Servs., Inc.*, 451 S.W.3d 301, 313 (Mo. Ct. App. 2014)), and Missouri courts have consistently applied Section 408.020 to insurance contracts (*McKinney v. State Farm Mut. Ins.*, 123 S. W. 3d 242 (Mo. App. Ct. 2003)).

"Prejudgment interest may only be awarded where the claim is liquidated, which means the claimed amount is 'fixed and determined or readily ascertainable by computation or a recognized standard.'" *Travelers Commercial Cas. Co.*, 451 S.W.3d at 313 (Mo. Ct. App. 2014) (quoting *Doe Run Resources Corp. v. Certain Underwriters at Lloyd's London*, 400 S.W.3d 463, 476 (Mo. App. Ct. 2013)). "Generally, prejudgment interest on unliquidated claims is not recoverable, for the reason that where the person liable does not know the amount he owes, he should not be considered in default because of failure to pay." *Watters v. Travel Guard Int'l,* 136 S.W.3d 100, 111 (Mo. App. Ct. 2004).

In *McKinney*, the Missouri Court of Appeals held that damages for personal injuries calculated as part of an uninsured motorist claim could not be computed by an exact mathematical formula, particularly in cases where a jury is called upon to determine fair and reasonable compensation. *Id.* The *McKinney* Court also listed exceptions to the general rule against awarding prejudgment interest on unliquidated claims, including situations when the amount of damages may be ascertained by reference to a recognized standard or mathematical calculation; in condemnation cases, where the dispute is about the amount of condemnation to be paid; and when the contested issue between the parties is liability and the defendant does not dispute the dollar amount of damages.

Here, the parties dispute, and have disputed since 2013, the damages sustained by Plaintiff, and none of the exceptions articulated in *McKinney* apply. The Court finds, under the circumstances present in this case, that Plaintiff's claim is unliquidated because it is not fixed and

2

determined or readily ascertainable. This holding is further supported by the varying valuations assigned to Plaintiff's claim, as well as the jury's damages award. Plaintiff made two different pre-suit demands, and Defendant's counter-offer and valuation of the claim were only a fraction of those demands. Moreover, the jury awarded Plaintiff an amount different from either party's valuation of the case. Thus, Plaintiff's request for an award of prejudgment interest will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application for prejudgment interest (Doc. No. 92) is **DENIED**.

Dated this 26th day of July, 2019.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE