# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROSS DOZIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CV-02889-JAR |
| ) | |
| USAA CASULATY INSURANCE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for bills of costs. (Doc. No. 103). This action was filed by Plaintiff asserting breach of contract and vexatious refusal to pay against his insurer, USAA Casualty Insurance. The matter came before a jury for trial on June 24, 2019. On June 27, 2019, the jury returned a verdict in favor of Plaintiff.

On July 2, 2019, Plaintiff filed his motion for bill of bosts, asserting entitlement to costs pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920, in the amount of $11,775.60. On July 16, 2019, USAA filed objections to Plaintiff's bill of costs, specifically taking issue with Plaintiff's submission of $2,009.01 for "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" without an invoice or any itemization.

Plaintiffs filed a reply, attaching an invoice from Document Copy Service for copies of 19,208 documents and 412 tabs. (Doc. No. 105-1). Plaintiff contends that the invoice represents the total amount for the one-time task for printing the documents Plaintiff anticipated referencing in Court at trial.

This matter is fully briefed and ready for disposition. For the reasons set forth below, Plaintiff's motion will be granted.

I.  **Legal standard**

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs-other than attorney's fees-should be allowed to the prevailing party." *Cowden v. BNSF Railway Co.*, 2014 WL 107844, at *1 (E.D. Mo. Jan 3, 2014). Pursuant to 28 U.S.C. § 1920, the Court may tax costs for: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under § 1923 of this title; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

The Court may not award costs other than those authorized by § 1920, because this section "imposes rigid controls on cost-shifting in federal courts." *Cowden*, 2014 WL 107844, at *1 (quoting *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002)). Upon objection by the opposing party as to authorized costs, however, the Court may exercise its discretion to grant or deny costs. *Id.* (citing *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987)).

"Rule 54(d) directs that costs, such as necessary photocopies, 'shall be allowed as of course to the prevailing party unless the court otherwise directs.'" *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (citing Fed. R. Civ. P. 54(d)). "[N]umerous district courts within the Eighth Circuit have refused to tax discovery-related copying costs" and have stated that copies of papers "'necessarily obtained for use in the case' covers only the

'cost of actually trying a case in the courtroom.'" *Little Rock Cardiology Clinic PA v. Baptist Health,* 591 F.3d 591, 602 (8th Cir. 2009) (quoted case omitted) (no abuse of discretion for refusal to tax discovery-related copying costs). However, "[a]mounts sought for copy expenses must be documented or itemized in such a way that the Court can meaningfully evaluate the request." *Lift Truck Lease & Serv., Inc. v. Nissan Forklift Corp., N. Am.*, No. 4:12-CV-153 CAS, 2013 WL 6331578, at *5 (E.D. Mo. Dec. 5, 2013) (citing *Yaris v. Special School Dist. of St. Louis County,* 604 F. Supp. 914, 915 (E.D. Mo. 1985).

Here, Plaintiff submitted a single invoice totaling $2,009.01 for the cost of copying 19,208 documents. Although the invoice is not itemized, the amount sought encompasses one large printing task for documents that Plaintiff needed in anticipation of trial. The Court notes that voluminous medical records and insurance documents were at issue in this case. Thus, it concludes that the copies were "necessarily obtained for use in the case" and will allow copy costs of $2,009.01.

USAA does not raise any other objections to Plaintiff's bill of costs. Because there is no compelling reason to depart from Rule 54(d)'s standard procedure of awarding the prevailing party its costs, the Court will award costs to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for bill of costs (Doc. No. 103) is **GRANTED.**

**IT IS FURTHER ORDERED** that costs shall be taxed against Defendant USAA Casualty Insurance Company and in favor of Plaintiff Ross Dozier in the amount of **$11,775.60.** Dated this 26th day of July, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE